■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FILMORE SCRUGGS, Appellant. — Judgment unanimously reversed and new trial granted. Memorandum: Of the several issues raised by defendant in his appeal from a conviction after a jury trial of murder, second degree, arising from the shooting death of Mary Beth Carideo, one requires reversal. The warrant authorizing a search of defendant's apartment at 519 Parade Street in Erie, Pennsylvania, and of "other apartments at 519 Parade Street, Erie, that Mr. Scruggs has excess [*sic*] to," was constitutionally deficient for not "particularly describing the place to be searched" (US Const, 4th Amdt; NY Const, art I, § 12; see *People v Rainey,* 14 NY2d 35; *People v Sprague,* 47 AD2d 510). The court erred in denying suppression of the evidence seized pursuant to the warrant. Inasmuch as this included a pair of defendant's pants stained with blood of the same type as the victim's, we cannot say that the error was harmless (see *People v Crimmins,* 36 NY2d 230). In view of the foregoing, we need not decide whether, despite defense counsel's failure to raise the issue before trial and the absence of a showing of any possible prejudice, reversal is required due to the fact that an attorney who had appeared in court with defendant on one occasion while working for the Public Defender's office, subsequently joined the prosecuting District Attorney's office (see *People v*

*Shinkle,* 51 NY2d 417). On retrial, any doubt on this question may be obviated by the court's informing the defendant fully on the record concerning the conflict and obtaining a waiver from him of any objection (cf. *People v Macerola,* 47 NY2d 257). We have examined the other points raised on appeal and find them to be without merit. (Appeal from judgment of Chautauqua County Court, Adams, J. — murder, second degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.