■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE BUMP, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 14, 1983, convicting defendant upon his plea of guilty of the crime of attempted criminal use of a firearm in the first degree. ¶ Defendant was indicted on various counts of burglary in the third degree, criminal use of a firearm in the first degree, reckless endangerment in the first degree and unlawful imprisonment in the first degree. These charges arose out of an incident in which defendant gained entrance to the home of his estranged wife by throwing a cement block through a window. He then threatened and harrassed his wife and her male companion with a loaded rifle. Following his indictment, defendant moved to dismiss on the grounds, *inter alia,* that a conflict of interest had disqualified the District Attorney's office from presenting the case to the Grand Jury in that defendant's wife was represented at that time, in a pending divorce action, by a member of the District Attorney's staff who had appeared in the Grand Jury proceedings. In response to the motion, the District Attorney, believing that an issue of possible disqualification existed, sought and was granted an order appointing a special prosecutor to handle the case. County Court subsequently denied the motion to dismiss the indictment on this ground, holding that it had been mooted by the appointment of the special prosecutor. The case thereafter proceeded to trial, during which defendant withdrew his plea of not guilty and pleaded guilty to a reduced charge of attempted criminal use of a firearm in the first degree in full satisfaction of the indictment. He received a sentence of an indeterminate prison term of not less than two years nor more than six years. ¶ Defendant's main argument on appeal is that the indictment was jurisdictionally defective by reason of the District Attorney's conflict of interest, an infirmity which he claims was not cured by the subsequent appointment of a special prosecutor and which, therefore, may be attacked on this appeal. We disagree. Even assuming, *arguendo,* that the District Attorney was properly subject to disqualification because of the dual capacity of the member of his staff under the circumstances previously described, any irregularity in the indictment arising therefrom was not jurisdictional in nature, i.e., it did not affect the jurisdiction *of the court* or the court's power to act regarding the subject matter of the case or upon the person of defendant (*People v Scott,* 3 NY2d 148, 152; *People v Rodriguez,* 79 AD2d 539, affd 55 NY2d 776; *People v Poll,* 94 Misc 2d 905, 906). Nor did it result in the failure of the indictment to effectively charge a crime (*People v Iannone,* 45 NY2d 589, 600) or rise to the level of a deprivation of a fundamental constitutional right (*People v Rodriguez,* 50 NY2d 553, 557). Only such defects are jurisdictional in the sense pertinent here that they may be reviewed on appeal as a matter of law irrespective of whether conviction was obtained by a guilty plea or whether the issue was preserved by timely objection (*People v Iannone, supra; People v Patterson,* 39 NY2d 288, 294-295, affd 432 US 197). ¶ There is nothing in *People v Zimmer* (51 NY2d 390),

principally relied upon by defendant, to remotely suggest that the failure of a District Attorney to disqualify him or herself before the Grand Jury for a conflict of interest rises to such a level of severity as to affect the jurisdiction of the court or otherwise render the indictment a nullity. This conclusion is supported in *People v Krom* (91 AD2d 39, 47, affd 61 NY2d 187), wherein an analogous but even more serious issue concerning dual representation by the prosecutor was held not to be preserved for review, a ruling inconsistent with any notion that prosecutorial conflict of interest is a defect which is jurisdictional in nature. Consequently, any infirmity in the Grand Jury proceedings arising out of the claimed conflict of interest of the District Attorney represents only the kind of nonjurisdictional defect which defendant must be held to have waived by his guilty plea (see *People v Iannone, supra; People v Siciliano,* 40 NY2d 996, app dsmd 430 US 980; *People v Camacho,* 16 NY2d 1064; *People v Nicholson,* 98 AD2d 876, mot for lv to app den 61 NY2d 765). We are equally unpersuaded by defendant's claim that his sentence was excessive. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.