■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT WILLIAMS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant was convicted of murder, attempted murder, forcible rape, two counts of forcible sodomy, and two counts of criminal possession of a weapon. The trial court imposed consecutive sentences upon each conviction. Because defendant's possession of the knife and scissors was motivated by the same intent to use the weapons during the course of rape and sodomy, both counts of criminal possession were part of the same criminal transaction, and the sentence on one count should run concurrently with the other count *(People v Murphy,* 115 AD2d 249). The judgment must be modified accordingly.

Additionally, the trial court instructed the jury on three

occasions that defendant had a right not to testify *(see,* CPL 300.10 [2]). Even though defendant never requested that charge, a reversal is not required. "Unlike a denial of a request for a 'no inference' charge, which is immune to harmless error analysis *(see, People v Britt,* 43 NY2d 111), giving the charge without request is subject to such analysis *(see, People v Vereen,* 45 NY2d 856)" *(People v Koberstein,* 66 NY2d 989, 991). Here, the proof of defendant's guilt was overwhelming and any error in charging the jury that defendant had a right not to testify must be viewed as harmless *(see, People v Crimmins,* 36 NY2d 230). We also note that defendant did not at any time object to the charge.

Defendant's remaining claims either lack merit or are not preserved for review, and we decline to exercise our discretion to review these claims in the interests of justice (CPL 470.15 [6] [a]). (Appeal from judgment of Onondaga County Court, Mordue, J.—murder, second degree, and other charges.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.