(January 10, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS G. BESSETTE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 17, 1988, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree.

The victim of defendant's sex offenses was the 10-year-old male cousin of defendant's live-in girlfriend (now his wife). The victim had moved into his cousin's household several months prior to the incidents which occurred on May 13 and 14, 1986. The victim kept the incidents to himself until September 20, 1986 when he confided in family members. Defendant was subsequently indicted for two counts of sodomy

in the first degree and one count of sexual abuse in the first degree. At the ensuing trial, the victim testified that on May 13, 1986 defendant received two telephone calls. However, defendant testified that his home did not have a working telephone during May 1986. Defendant's testimony was contradicted by a representative of the telephone company. After trial defendant was found guilty of all the charges against him.

On appeal defendant contends that during rebuttal testimony, questioning of the telephone company witness by the Trial Judge was excessively prosecutorial and prejudicial. We disagree. The dozen or so questions asked by the Judge were not one-sided, and merely served to clarify an issue *(see, People v Ellis,* 62 AD2d 469, 470; *see also, People v Moulton,* 43 NY2d 944). Moreover, defense counsel failed to register a protest *(see, People v Charleston,* 56 NY2d 886) to the questions or to the fact that the witness testified to a Social Security number at a time when the telephone company records had only been marked for identification and not yet introduced into evidence. Nor was it error for County Court to admit these records into evidence immediately after the proof had been closed, since a proper foundation had previously been laid and the People's failure to move for their admission was simple inadvertence *(see,* CPL 260.30 [7]; *see also, People v Olsen,* 34 NY2d 349, 353). Here, the People appropriately moved to admit the records into evidence prior to the summations and charge to the jury.

Defendant next contends that the victim's age, i.e., less than 11 years old at the time of the alleged crimes *(see,* Penal Law § 130.50 [3]; § 130.65 [3] ), was insufficiently established. However, the victim unambiguously testified to his date of birth and the date of the occurrences. A person is competent to testify as to his own age *(Koester v Rochester Candy Works,* 194 NY 92, 97; *Matter of 36 W. Main v New York State Liq. Auth.,* 285 App Div 756, 758). Unlike the exception noted in *Matter of 36 W. Main v New York State Liq. Auth. (supra),* the victim here was familiar with and had lived with his natural mother, from whom he acquired this knowledge. Accordingly, the victim's age was established.

Finally, we find no merit with defendant's contention that County Court erred in refusing to specifically charge that the victim's delay in disclosing the offense should have been considered by the jury in assessing the victim's credibility *(see, People v Yeaden,* 156 AD2d 208, *lv denied* 75 NY2d 872; *but see, Baccio v People,* 41 NY 265; *People v Derrick,* 96 AD2d

600). Here, the evidence shows an attack by a person in a *loco parentis* status with the young victim and who threatened him with death if he disclosed the incident. As recently noted by the Court of Appeals, the patterns of response among rape victims are not within the ordinary understanding of the lay jury *(People v Taylor,* 75 NY2d 277, 289). Moreover, a court is not bound to use specific language *(People v Dory,* 59 NY2d 121, 129) and in light of the comments by the defense counsel on summation and by the prosecutor in response, the comprehensive witness credibility charge given here was adequate to appraise the jury of the governing principle *(see, People v Hathaway,* 159 AD2d 748).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.