■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HANDLEY, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant argues that the court erred in ordering consecutive rather than concurrent sentences on his attempted murder and criminal possession of a

weapon convictions. We agree. There was no proof that defendant's possession of the gun with the intent to use it unlawfully against another was an act distinct from the act of attempted murder and thus the sentences must run concurrently (Penal Law § 70.25 [2]; *see, People v Williams,* 144 AD2d 1012, *lv denied* 73 NY2d 984; *People v Murphy,* 115 AD2d 249, *lv denied* 67 NY2d 887; *see generally, People v Day,* 73 NY2d 208, 210-211).

Defendant's arguments regarding the prosecutor's cross-examination of his alibi witnesses and certain identification testimony are unpreserved for our review and we decline to reach them in the interest of justice. We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Attempted Murder, 2nd Degree.) Present —Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.