■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CLEVELAND, Appellant. [653 NYS2d 472] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of two counts of criminal possession of a weapon in the second degree. At trial, several witnesses testified that defendant, with a gun in each hand, chased the victim down the street and into a backyard. Although no one observed the actual shooting, the witnesses heard several gunshots. The victim was discovered lying on the ground with a gunshot wound to the head. Defendant was acquitted of two counts of second degree murder but convicted of two counts of criminal possession of a weapon in the second degree, one for each weapon. County Court imposed consecutive sentences. That was error.

Penal Law § 70.25 (2) requires the imposition of concurrent sentences for offenses arising from the same act or omission. Here, defendant possessed two guns at the same place and time, with the intent to use them unlawfully against the same victim (*cf., People v Ramirez*, 89 NY2d 444; *People v Brown*, 80 NY2d 361, 364-365). Because the offenses arose from the same act, concurrent sentences should have been imposed (*see, People v Albritton*, 204 AD2d 651, *lv denied* 84 NY2d 822; *People v Williams*, 144 AD2d 1012, *lv denied* 73 NY2d 984). Therefore, we modify the judgment by directing that the sentences for the two counts of criminal possession of a weapon in the second degree run concurrently. We have examined the issue raised in the *pro se* supplemental brief and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Weapon, 2nd Degree.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.