■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STELLA LACY, Appellant. [687 NYS2d 733] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 11, 1996, upon a verdict convicting defendant of the crimes of criminally negligent homicide, hindering prosecution in the first degree (three counts), tampering with physical evidence (two counts) and criminal solicitation in the second degree.

On November 23, 1995, defendant, knowing that her

husband had been murdered in their home, reported him missing. A Schenectady police officer responded to defendant's missing persons report whereupon she advised the officer that she had not seen her husband since 11:30 P.M. on November 22, 1995. Two days later, a different police officer discovered the victim dead in the back seat of the victim's automobile. Since a preliminary examination did not reveal that any crime had been committed upon the victim, defendant reiterated her story to yet a third police officer and added, among other things, that the victim should also have had a large amount of money on him along with his wedding ring and other jewelry. Upon his autopsy, it was determined that the victim had been murdered. Shortly thereafter, an anonymous telephone call directed the investigation toward defendant.

Ultimately, it was determined that the victim had been murdered by defendant's lover, Ronald Faulkner, and his accomplice, Calvin Smith. By the time of trial, Smith had entered a plea to murder in the first degree and testified for the People. According to Smith, after her husband had been strangled, defendant removed the valuables from his clothing and his person and assisted in changing him from pajamas to street clothes. She then provided Smith and Faulkner with the victim's car and its keys so that his body could be driven away and left in the car on a public street. Thereafter, she made phone calls to her husband's beeper and altered evidence in order to create a false impression that he had been robbed and murdered away from his home by strangers. An investigation later confirmed by testimony, revealed that defendant also destroyed physical evidence which would have shown that he was murdered at home by, *inter alia*, laundering the pajamas he was wearing at the time of his murder, helping to remove his body from the place where he died and disposing of his personal property.

Defendant was indicted for the crimes of murder in the first degree, murder in the second degree (two counts), conspiracy in the second degree, robbery in the first degree, hindering prosecution in the first degree (three counts), tampering with physical evidence (two counts) and criminal solicitation in the second degree (three counts). At trial, numerous witnesses, including Smith, described occasions in which defendant specifically expressed a wish that her husband was dead. Once, she requested information from Smith as to whether he knew of anyone whom she could hire to kill her husband and, on another occasion, solicited a specific individual to commit the crime. Testimonial and documentary evidence further supported the People's contention that defendant had a long-term

sexual liaison with Faulkner and had continuously expressed to him a wish that her husband would die.

Defendant testified on her own behalf, contending that while she and her husband had financial problems and their relationship was stormy, she had never planned his murder. While admitting an adulterous relationship with Faulkner, she denied that she requested, in any fashion, that he kill her husband and contended that she only assisted in moving the body and destroying evidence of the crime because Faulkner and Smith threatened her.

At a charge conference, the People did not request that the jury be charged concerning lesser included offenses. Defense counsel, however, specifically requested that numerous lesser included offenses, including criminally negligent homicide, be charged. The People had no objection and such charge was provided. The jury found defendant guilty of the lesser included offense of criminally negligent homicide, all of the hindering prosecution counts, the tampering counts, as well as one count of criminal solicitation. Sentenced to an aggregate term of imprisonment of 10²/₃ to 32 years which merged, by law, to 10 to 20 years, defendant appeals.

Defendant contends that the evidence submitted was legally insufficient to support her conviction for the crime of criminally negligent homicide. Mindful that the standard for reviewing legal sufficiency is whether " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319 [emphasis in original]), we conclude that sufficient evidence supports the jury's verdict. Presented with the opportunity to choose among murder in the first degree, depraved indifference murder in the second degree, reckless manslaughter in the second degree or, as requested, criminally negligent homicide, the jury, after hearing the testimony of Smith, defendant and numerous other witnesses, obviously focused upon defendant's state of mind in order to determine whether she acted intentionally, with depravity, recklessly or with criminal negligence. Upon our review, we conclude that there was a valid line of reasoning and permissible inferences which led the jury to the conclusion it reached (*see, People v Bleakley*, 69 NY2d 490).

As to the challenge alleging multiplicity pertaining to those counts of the indictment charging defendant with the crimes of hindering prosecution in the first degree, such issue has not been preserved for our review, notwithstanding a clear op-

portunity to do so during the charge conference. Had the issue been properly before us, we would find it to be without merit (*see, People v Kindlon*, 217 AD2d 793).

Confronting defendant's additional contention, properly preserved, that County Court erred in its amendment of the hindering prosecution counts during its charge to the jury, we find no error. The court neither changed the theory of the People's case nor added any new facts that were not already contained within the indictment. As its amendment fell squarely within the parameters of CPL 200.70, we next review the imposition of consecutive sentences upon her conviction of those counts.

Penal Law § 70.25 (2) provides that a sentence imposed upon "a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other * * * must run concurrently". However, sentences are authorized to be imposed consecutively if multiple offenses are committed through separate and distinct acts, even though they be part of a single transaction (*see, People v Laureano*, 87 NY2d 640, 643). But such consecutive sentences must be supported by identifiable facts and may only be imposed "when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451).

Upon this analysis, we find the acts of defendant, as set forth in the two challenged counts of the indictment, to be distinct. In one count she altered evidence to make the police believe that the victim had been killed by an unknown assailant outside of their home, whereas in the other count, she affirmatively concealed and/or destroyed evidence which would have enabled the police to discover that the victim had been murdered in their home. Concluding that defendant was not convicted, as she contends, of "hindering her own prosecution" but rather of hindering the prosecution of Faulkner and Smith, we find that the People proved that she rendered criminal assistance to persons who committed a class A felony with the knowledge that those individuals were engaged in such conduct and with the specific intent to prevent, hinder or delay the discovery or apprehension of the murderers (*see, People v Chico*, 90 NY2d 585, 588). Agreeing that there are separate and distinct acts supporting each crime, we find the imposition of consecutive penalties to be proper.

Turning to the sentence imposed, we reiterate that " '[s]en-

tencing courts, in the exercise of their unique judicial function in criminal proceedings, are wisely allocated wide latitude as they are recognized to be in a superior position to dispense proportionate and fair punishment' " (*People v Ramirez, supra,* at 450, quoting *People v Day,* 73 NY2d 208, 212). Finding no error, we decline to disturb it.

Having considered and rejected defendant's remaining contentions, we hereby affirm the judgment.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.