■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GAINES, Appellant. [716 NYS2d 207] —Judgment reversed as a matter of discretion in the interest of justice, plea vacated and matter remitted to Ontario County Court for further proceedings on the indictment. Memorandum: Defendant contends that the judgment of conviction must be reversed because the court-assigned attorney who represented him in the preliminary stages of the criminal action later joined the Ontario County District Attorney's Office and was employed by that office at the time that defendant pleaded guilty and was sentenced. Although defendant did not object to the continuing prosecution of the matter by the prosecutor's office or move to disqualify that office and therefore has not preserved his contention for our review (*see, People v Krom*, 91 AD2d 39, 47, *affd* 61 NY2d 187), we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [3] [c]).

It is well established that a criminal defendant's right to counsel is violated when a public defender who actively participated in the preliminary stages of the defendant's defense becomes employed as an Assistant District Attorney by the office that is prosecuting the defendant's ongoing case (*see, People v Shinkle*, 51 NY2d 417; *see also, People v Herr*, 86 NY2d 638, 641). Even in a case in which the District Attorney's office took all available precautions to insulate the attorney from the defendant's case, the Court of Appeals concluded that the District Attorney's office should have been disqualified because the facts "inescapably gave both defendant and the

public the unmistakable appearance of impropriety and created the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his active representation of defendant" (*People v Shinkle, supra*, at 420). Thus, pursuant to *Shinkle*, disqualification is required when there is "the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight" (*People v Shinkle, supra*, at 421). "The rule is necessary to prevent situations in which former clients must depend on the good faith of their former lawyers turned adversaries to protect and honor confidences shared during the now extinct relationship. In those situations the risk of abuse is obvious" (*People v Herr, supra*, at 641).

Here, the record establishes that, on June 16, 1999, while pretrial motions were still pending, defendant's court-assigned attorney advised County Court that he was accepting a position with the Ontario County District Attorney's Office and requested to be relieved of his representation of defendant. The court granted counsel's application, but failed to inform defendant of any possible conflict and did not obtain a waiver from him of any objection (*cf., People v Scruggs*, 86 AD2d 753, 754). Defendant's former attorney was employed by the District Attorney's office at the time that defendant pleaded guilty and was sentenced on July 7, 1999.

Applying the principles enunciated in *Shinkle (supra)*, we conclude that defendant's right to counsel was violated. The Ontario County District Attorney's Office is not "a 'huge' metropolitan office" where there is no contact between prosecutors in different bureaus (*People v English*, 88 NY2d 30, 34). At the time that defendant was faced with the decision whether to plead guilty, he should not have been required to depend on the good faith of his former attorney turned adversary to protect and honor confidences shared during their former relationship (*see, People v Herr, supra*, at 641). Thus, on this record, we conclude that there is the same "appearance of impropriety" and "risk of prejudice attendant on abuse of confidence" as existed in *Shinkle (supra,* at 421). Therefore, the judgment of conviction must be reversed, the plea vacated and the matter remitted to Ontario County Court for further proceedings on the indictment.

In view of our determination, we need not address defendant's remaining contentions.

All concur except Wisner and Scudder, JJ., who dissent and vote to affirm in the following Memorandum.

Wisner and Scudder, JJ. (dissenting). We respectfully dis-

sent. As the majority states, defendant failed to preserve for our review his contention that the judgment of conviction should be reversed because his court-appointed attorney accepted a position with the Ontario County District Attorney's Office and was so employed at the time of defendant's plea of guilty. We would not reach that issue in the interest of justice. In our view, this matter is factually distinguishable from *People v Shinkle* (51 NY2d 417). In *Shinkle* (*supra,* at 420), defendant proceeded to trial while his former attorney, who had actively represented him for several months, was employed by the District Attorney's office. Here, the record reflects that defendant and defense counsel had limited contact.

Nothing in the record indicates that defendant's decision to plead guilty was affected by the possibility of an abuse of confidence because of the employment of his former counsel by the District Attorney's office. Rather, it appears from the record that defendant was given a generous plea offer and accepted the offer when he was advised by County Court that, if he was convicted after trial, he faced the possibility of adjudication as a persistent felony offender and therefore life imprisonment (*see,* Penal Law § 70.10 [1], [2]; CPL 400.20). For these reasons, we would affirm the judgment of conviction. (Appeal from Judgment of Ontario County Court, Harvey, J.—Forgery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Lawton, JJ.