■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. LYNCH, Also Known as DANIEL HALE, Appellant. [738 NYS2d 116] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 1, 2000, convicting defendant upon his plea of guilty of the crimes of possessing a sexual performance by a child (130 counts) and endangering the welfare of a child (two counts).

Defendant was charged by indictment with 131* counts of possessing a sexual performance by a child and two counts of endangering the welfare of a child. The crimes charged arose out of an investigation by State Police, which revealed that defendant's computer hard drive and 18 floppy discs found in his home contained numerous computer graphic images of child pornography, including both still and video images. The investigation also revealed that defendant had shown the video images to two children under the age of 16. Defendant subsequently pleaded guilty to 130 counts of possessing a sexual performance by a child and two counts of endangering the welfare of a child and thereafter was sentenced to consecutive prison terms of $1\frac{1}{3}$ to 4 years for his conviction of counts 1 through 30, $1\frac{1}{3}$ to 4 years for his conviction of counts 31 through 99 and $1\frac{1}{3}$ to 4 years for his conviction of counts 100 through 131. County Court also imposed concurrent determinate terms of one year each on counts 132 and 133, which charged defendant with endangering the welfare of a child, resulting in an aggregate prison sentence of 4 to 12 years. Defendant appeals arguing that County Court erred in imposing three consecutive sentences where the record does not support a finding that three separate transactions were committed. Alternatively, defendant contends that his sentence is unduly harsh and excessive.

It is well settled that sentences are authorized to be imposed consecutively if multiple offenses are committed through separate and distinct acts, even though they may be part of a single transaction (*see, People v Laureano*, 87 NY2d 640, 643; *People v Brown*, 80 NY2d 361, 364). Such consecutive sentences, however, must be supported by identifiable facts and may be imposed "if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451; *see, People v Lacy*, 259 AD2d 784, 787, *lv denied* 93 NY2d 926; *People v Starks*, 238 AD2d 621, 624, *lv denied* 91 NY2d 836). Here, in order to justify County Court's imposition of three consecutive sentences, it must appear that the materials referred to in counts 1 through 30, counts 31 through 99 and counts 100 through 131 came into defendant's possession at separate and distinct times (*cf., People v Cleveland*, 236 AD2d 802, *lv denied* 89 NY2d 1033; *People v Taylor*, 197 AD2d 858). We find no record evidence for such a finding and, accordingly, imposition of consecutive sentences was improper. In light of our decision, we need not

---

* Count 117 subsequently was withdrawn by the prosecution leaving the remaining counts in the indictment intact.

consider defendant's assertion that the sentence imposed was harsh and excessive.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as sentenced defendant to three consecutive sentences for the crime of possessing a sexual performance by a child (130 counts); matter remitted to the County Court of Columbia County for resentencing on counts 1 through 116 and 118 through 131 of the indictment; and, as so modified, affirmed.