■ The People of the State of New York, Respondent, v David J. McCrone, Appellant. [784 NYS2d 683]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 25, 2002, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

Defendant stands convicted of two counts of robbery in the second degree following a jury trial. Evidence adduced at that trial established that during the evening of April 15, 2001 and the early morning of April 16, 2001, defendant robbed two different Broome County convenience stores after displaying what appeared to be a gun to the store clerks. Although the clerks were themselves unable to positively identify defendant as the perpetrator (he was wearing a hooded sweatshirt to conceal his face), several other witnesses, including two accomplices, identified him as the person depicted in still photographs from video cameras in the stores. Evidence was also adduced that defendant implicated himself in both robberies to fellow inmates after his arrest. Sentenced as a second felony offender, defendant now appeals.

Defendant initially contends that he was denied the effective assistance of counsel because of a claimed conflict of interest on the part of his trial counsel and counsel's failure to call a particular witness at trial. With respect to the alleged conflict of interest, the record reveals that prior to trial, defense counsel informed County Court that he accepted a position with the District Attorney's office to commence on a date beyond the pendency of defendant's case. Although the court was initially inclined to grant his request to be relieved as counsel and assign a new lawyer, defendant stated on the record that he wanted this particular lawyer to continue to represent him. County Court acceded to defendant's request. Defendant now takes issue with the court's decision, claiming that it failed to make a proper inquiry about this conflict of interest and defendant's waiver thereof. We are unpersuaded.

First, defense counsel's future duties as an Assistant District Attorney did not pose a conflict of interest since defendant's trial was slated to end well in advance of this new employment (cf. People v Shinkle, 51 NY2d 417, 420 [1980]). Even assuming that defense counsel's future employment did pose a conflict, such conflict did not "operate[ ] on the defense" in this case (People v Abar, 99 NY2d 406, 409 [2003]). The record plainly reveals that, despite his future employment with the District

Attorney's office, defense counsel actively participated in the trial, competently adduced proof establishing the defense theory of the case (i.e., that defendant was wrongfully accused) and vigorously cross-examined all prosecution witnesses on his or her past inconsistent statements, criminal history and/or motives to testify against defendant. In particular, defense counsel took an aggressive stance against a police investigator and the Assistant District Attorney prosecuting the case (i.e., his future colleague) in suggesting that they threatened one of the accomplices if he did not testify against defendant.

Defense counsel also emphasized to the jury that the two store clerks, who were the only eyewitnesses to the robberies without a criminal record and/or motive to testify against defendant, were unable to positively identify defendant as the perpetrator and, in fact, described the perpetrator as one with a different ethnicity than that of defendant. He relatedly emphasized the lengthy criminal histories of most of the People's witnesses and the benefits they received for testifying. Consistent with the defense theory of the case, defense counsel delivered cogent opening and closing arguments with a "quality over quantity" theme in attacking the People's case against defendant. While the jury ultimately convicted defendant, the verdict was not attributable to any alleged conflict on the part of his defense counsel. Nor does the single claimed omission of failing to call a particular witness warrant a finding that counsel was ineffective, particularly where defense counsel successfully obtained a missing witness charge concerning this very person.

Next, while the People clearly committed *Rosario* and *Brady* violations for failing to turn over police notes from an interview with one of defendant's accomplices, defendant is not entitled to a new trial because of the error. Defense counsel expressly declined to request a mistrial when the issue arose during the trial. While counsel did seek preclusion of his testimony, this request was denied. Instead, County Court gave defense counsel ample time to prepare for the witness's testimony after being provided with the new notes, gave him the opportunity to recall another accomplice for additional cross-examination based on this new information and further gave two adverse inference charges to the jury regarding the violation. Under these circumstances, defendant's right to a fair trial was not violated (*see e.g. People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Kelly*, 270 AD2d 511, 514 [2000], *lv denied* 95 NY2d 854 [2000]; *People v Murphy*, 235 AD2d 933, 937 [1997], *lv denied* 90 NY2d 896 [1997]). Defendant's other claimed *Rosario/Brady* violation has no basis whatsoever in the record (*see People v Parkinson*, 268 AD2d 792, 793 [2000], *lv denied* 95 NY2d 801 [2000]).

Defendant also claims that County Court's impermissible questioning of a particular prosecution witness denied him a fair trial. Having failed to make any objection to the court's questioning of this witness or to move for a mistrial, the claim is unpreserved for review (*see People v Charleston,* 56 NY2d 886, 887-888 [1982]; *People v Rokins,* 238 AD2d 168 [1997], *lv denied* 90 NY2d 910 [1997]; *People v Bessette,* 169 AD2d 876, 877 [1991], *lv denied* 77 NY2d 992 [1991]). Were we to review it, we would nevertheless conclude that defendant was not denied a fair trial as County Court, in examining this witness, did not take on the function or appearance of an advocate for the People or remotely suggest to the jury that it had an opinion on the merits of the case against defendant (*see e.g. People v Moore,* 6 AD3d 173 [2004]; *People v Robinson,* 3 AD3d 404 [2004], *lv denied* 2 NY3d 765 [2004]; *People v Rokins, supra; People v Bessette, supra*).

Finally, to the extent that defendant claims that a videotape of a subsequent robbery with a similar modus operandi as those committed in this case would be exculpatory to him since it was committed while he was imprisoned for the instant offenses, such evidence is not before this Court as defendant has not availed himself of posttrial procedures to properly present this claim (*see* CPL 440.10 [1] [g]).

Defendant's remaining contentions, including those contained in his pro se brief, have been reviewed and rejected as being without merit.

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.