■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN DEAN, Appellant. [810 NYS2d 258]—

Mugglin, J. Appeal from a judgment of the County Court of Washington County (Hall, Jr., J.), rendered October 22, 2004, convicting defendant upon his plea of guilty of three counts of the crime of possessing a sexual performance by a child.

Defendant was charged in two seven-count indictments with, among other things, three counts of possessing a sexual performance of a child. The charges emanated from the police having discovered on defendant's computer graphic sexual images of female children engaged in various forms of sexual conduct. In accordance with a plea agreement, defendant pleaded guilty to these three counts in full satisfaction of both indictments and he was thereafter sentenced to three consecutive prison terms of 1 to 3 years.

On appeal, defendant challenges the voluntariness of his plea and the severity of the sentence imposed. Although defendant acknowledges that his challenge to the voluntariness of the guilty plea has not been preserved for our review since he failed to seek its withdrawal or the vacatur of the judgment of conviction (*see People v Mondore*, 18 AD3d 961, 961 [2005]), he urges us to exercise our interest of justice jurisdiction to examine the issue, claiming that the record clearly reflects that the plea was involuntary and was affected by the ineffective assistance of counsel. After careful examination of the record, we discern no basis for exercising our interest of justice jurisdiction. First, given defendant's unequivocal admission of the facts constituting the crimes charged, his acknowledgment that he entered the plea of his own free will and the favorableness of the plea agreement, it is manifest that the plea was entered knowingly, voluntarily and intelligently (*see People v Schwickrath*, 23 AD3d 707, 708 [2005]; *People v Brown*, 10 AD3d 801, 802 [2004], *lv denied* 3 NY3d 739 [2004]), and the plea colloquy lacks any suggestion of facts sufficient to negate any essential element of the crime (*see People v Blair*, 21 AD3d 1216, 1217 [2005]). Second, there is no record support for defendant's complaint of ineffective assistance of counsel. Counsel conducted discovery, prepared and submitted an omnibus motion and negotiated a favorable disposition of both indictments, all of which demonstrate that defendant received the effective assistance of counsel (*see People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]).

Next, the sentences imposed are neither harsh nor excessive and no abuse of discretion or extraordinary circumstances exist which warrant modification in the interest of justice (*see People v Hamlin*, 21 AD3d 701, 701-702 [2005], *lv denied* 5 NY3d 852 [2005]; *People v Hanrahan*, 9 AD3d 689, 689 [2004]). Nor are consecutive terms illegal, as they are authorized for multiple offenses which are committed through separate and distinct acts even though part of a single criminal transaction (*see People v Lynch*, 291 AD2d 582, 583 [2002]). As each image which formed the basis for the separate counts to which defendant pleaded was created at a separate and distinct time, each constitutes a separate and distinct act for which the imposition of consecutive sentences is proper (*cf. People v Cleveland*, 236 AD2d 802 [1997], *lv denied* 89 NY2d 1033 [1997]; *People v Taylor*, 197 AD2d 858 [1993]).

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.