■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN LOZADA, Appellant. [824 NYS2d 816]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 20, 2005, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, criminal use of a firearm in the second degree, reckless endangerment in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

On September 22, 2004, defendant, in a drive-by shooting, fired two shots in the direction of a residence in the Village of Liberty, Sullivan County. At the time, a number of individuals were gathered on the front porch of the residence. Indicted for a variety of charges ranging from attempted murder in the second degree to criminal possession of a weapon in the third degree, defendant was convicted of attempted assault in the first degree, criminal use of a firearm in the second degree, two counts of reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Defendant was thereafter sentenced to an aggregate term of imprisonment of 15 years, with five years of postrelease supervision, and he now appeals.

Defendant makes five arguments, two of which are unpreserved. The first unpreserved issue is that the convictions were not supported by legally sufficient evidence. To preserve appellate review of the legal sufficiency of the evidence, defendant is required to seek a trial order of dismissal, specifically detailing

the areas of deficiency (*see People v Thomas*, 21 AD3d 643, 644 [2005], *lv denied* 6 NY3d 759 [2005]). Not only was no motion made, but the argument is without merit as, in addition to other evidence, defendant was identified as the shooter by two eyewitnesses—an occupant of the porch and the driver of the vehicle from which the shots were fired.

Defendant's claim that he was denied a fair trial as the result of County Court's participation in the cross-examination of his mother, an alibi witness, is likewise unpreserved because defendant failed to protest in any way or seek a mistrial on this basis (*see People v McCrone*, 12 AD3d 848, 851 [2004], *lv denied* 4 NY3d 800 [2005]; *People v Bessette*, 169 AD2d 876, 877 [1991], *lv denied* 77 NY2d 992 [1991]). In any event, this argument is also meritless as County Court intervened only when defendant's mother testified concerning her mistrust of the District Attorney's office and the court's repeated efforts to get her to give a direct answer to a single question did not give the appearance that the court was an advocate for the People (*see People v Arnold*, 98 NY2d 63, 67 [2002]; *People v McCrone, supra* at 851).

We are also unpersuaded by defendant's arguments concerning his three preserved issues. Defendant's weight of the evidence argument distills to his claim that his mother was more credible than the two eyewitnesses that identified him as the shooter. After weighing the probative force of the evidence in a neutral light and affording due deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, we are unconvinced that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, replacement of defendant's inexperienced assigned attorney immediately prior to the commencement of the pretrial hearing and two weeks prior to the scheduled commencement of the trial does not support defendant's present claim that he was denied the effective assistance of counsel. Our review of the pretrial hearings demonstrates that the newly assigned attorney provided meaningful representation and was adequately prepared to thoroughly cross-examine the People's witnesses. Moreover, review of defendant's trial record demonstrates that the assigned attorney pursued reasonable trial strategies, engaged in cogent cross-examination and gave an effective closing argument. Viewed in its totality, we conclude that defendant did receive the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Whitehead*, 23 AD3d 695, 696-697 [2005], *lv denied* 6 NY3d 840 [2006]).

Finally, we find no abuse of discretion nor extraordinary circumstances which would warrant modification of the sentence (*see People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]). As defendant has refused to take responsibility for his actions and has shown no remorse for having committed these acts which endangered the lives and safety of several people, including children, we reject his argument that his sentence is harsh and excessive and that County Court abused its discretion (*see People v Dean*, 27 AD3d 838, 840 [2006], *lv granted* 7 NY3d 811 [2006]; *People v Garrand*, 22 AD3d 959, 960 [2005], *lv denied* 6 NY3d 812 [2006]).

As a final matter, defendant's present claim that County Court failed to pronounce sentence on his convictions for criminal possession of a weapon in the second and third degrees is belied by the record.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.