THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL M. WILLIAMS, Appellant. [831 NYS2d 90]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Sheila A. DiTullio, J.), entered August 19, 2005. The order denied the motion of defendant pursuant to CPL 440.10 to vacate the judgment convicting him of assault in the first degree and robbery in the first degree.

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered October 27, 2005. The judgment convicted defendant, after a nonjury trial, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, following a nonjury trial, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). Defendant failed to preserve

for our review her contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Lozada*, 35 AD3d 969 [2006]). In any event, that contention is without merit. The evidence, when viewed in the light most favorable to the People, is legally sufficient to establish defendant's theft of property, i.e., money (Penal Law § 155.00), by false pretenses (*see* § 155.05 [2] [a]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that employees of Kaufmann's Department Store (Kaufmann's) were induced to give defendant cash in the amount of $1,101.97 for the "return" of two men's suits and a bathrobe that were not the property of Kaufmann's. Defendant's knowledge that the items had not been purchased from Kaufmann's was established by the employees' testimony that the tags identifying the brand names had been removed from the merchandise and that the price tags stapled on the merchandise were attached in a manner different from the manner in which Kaufmann's price tags were usually attached (*see generally People v Williams*, 84 NY2d 925, 926 [1994]). Finally, the element of intent was established by the circumstances under which the return was arranged by defendant's accomplice and carried out by defendant (*see generally id.*). Present— Centra, J.P., Lunn, Peradotto and Pine, JJ.