■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN D. SMITH SR., Appellant. [871 NYS2d 452]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Daley, J.), rendered September 4, 2007, convicting defendant upon his plea of guilty of two counts of the crime of possessing a sexual performance by a child.

In satisfaction of a 13-count indictment, defendant pleaded guilty to two counts of possessing a sexual performance by a child. He was sentenced in accordance with the plea agreement to two consecutive prison terms of 1 to 3 years. Of the various arguments he raises on appeal, only his challenge to the legality of the sentence has merit.

"It is well settled that sentences are authorized to be imposed consecutively if multiple offenses are committed through sepa-

rate and distinct acts, even though they may be part of a single transaction" (*People v Lynch*, 291 AD2d 582, 583 [2002] [citations omitted]). To justify consecutive sentences in this context, the People had to establish through either the indictment or the facts adduced during the allocution that the images at issue "came into defendant's possession at separate and distinct times" (*id.* at 583; *see People v Dean*, 8 NY3d 929, 930-931 [2007]). However, both counts upon which defendant was convicted contain identical language and bear the same offense date. Nor did defendant's allocution establish that the two images in issue came into his possession at different times. Under these circumstances, consecutive sentences were not authorized (*see People v Dean*, 8 NY3d at 931; *People v Lynch*, 291 AD2d at 583). Finally, because it is apparent from the record that the parties believed that defendant was receiving an aggregate sentence of 2 to 6 years, we vacate the guilty plea and remit the matter for further proceedings.

Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.