■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES A. GOOD, Appellant. [877 NYS2d 766]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 2, 2008, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In November 2006, defendant was charged in a Broome County indictment with sexual abuse in the first and third degrees and endangering the welfare of a child based upon allegations that he subjected a 15-year-old girl to forcible sexual contact. The attorney assigned to represent him (hereinafter the first assigned counsel) was later granted permission to withdraw on April 30, 2007 because he was hired by the Broome County District Attorney's office as a prosecutor, and new counsel was assigned about a week later (hereinafter the second assigned counsel). In July 2007, at the start of the suppression hearing, pursuant to a negotiated agreement, defendant entered a guilty plea to the top count in exchange for a sentence commitment of three years in prison with five years of postrelease supervision. At the date set for sentencing, defendant, represented by retained counsel, moved to withdraw his plea pursuant to CPL 220.60 (3) contending (1) that it had been involuntary, citing his illiteracy and certain responses in the plea colloquy, and (2) that the second assigned counsel—with whom defendant reportedly had minimal contact—had ineffectively represented him. At the People's request, a special prosecutor was appointed to respond to defendant's motion based upon the conceded fact that the first assigned counsel who had represented him on these charges was employed by the Broome

County District Attorney's office (*see* County Law § 701). Thereafter, County Court denied defendant's motion to withdraw his plea and imposed the agreed-upon sentence. Defendant appeals.

Defendant contends that the judgment of conviction should be reversed because the first assigned attorney who represented him for five months in the early stages of this criminal action subsequently joined the Broome County District Attorney's office, which prosecuted this matter and where that former counsel was employed at the time defendant entered his guilty plea. Although retained counsel did not specifically raise this issue in his motion to withdraw defendant's plea and none of defendant's counsels objected to the continued prosecution by the Broome County District Attorney's office so as to preserve this contention for appellate review (*see People v Krom*, 91 AD2d 39, 46-47 [1983], *affd on other grounds* 61 NY2d 187 [1984]; *see also People v Gaines*, 277 AD2d 900, 900 [2000]; *accord People v Bump*, 103 AD2d 974, 975 [1984]), we deem it appropriate to exercise our interest of justice power to reverse defendant's conviction (*see* CPL 470.15 [3] [c]; *People v Gaines*, 277 AD2d at 900).

The Court of Appeals has established that when a defense attorney who represents a defendant during the initial stages of a criminal proceeding becomes employed by the District Attorney's office that is prosecuting the defendant's ongoing case, the defendant and the public are given "the unmistakable appearance of impropriety and [the situation] create[s] the continuing opportunity for abuse of confidences entrusted to the attorney during the months of his [or her] active representation of defendant" (*People v Shinkle*, 51 NY2d 417, 420 [1980]; *People v Gaines*, 277 AD2d at 900-901; *see also People v Abar*, 99 NY2d 406, 410 [2003]; *People v English*, 88 NY2d 30, 33-34 [1996]; *People v Herr*, 86 NY2d 638, 641 [1995]; *Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]). The rule requiring disqualification when there is a "risk of prejudice attendant on [the] abuse of confidence, however slight" (*People v Shinkle*, 51 NY2d at 421), "is necessary to prevent situations in which former clients must depend on the good faith of their former lawyers turned adversaries to protect and honor confidences shared during the now extinct relationship. In those situations the risk of abuse is obvious" (*People v Herr*, 86 NY2d at 641).

Here, the record establishes that after five months of representation and two months prior to his plea, defendant's first assigned counsel accepted a position with the Broome County District Attorney's office, not "a 'huge' metropolitan office" (*People v English*, 88 NY2d at 34), and when County Court

permitted counsel's withdrawal, defendant was not informed of any possible conflict and did not waive objection to the conflict (*see People v Gaines*, 277 AD2d at 901; *cf. People v McCrone*, 12 AD3d 848, 849-850 [2004], *lv denied* 4 NY3d 800 [2005]). At the time of the plea, defendant should not have had to "depend on the good faith of [his] former lawyer[ ] turned adversar[y]" (*People v Herr*, 86 NY2d at 641) to protect and honor confidences gained in that relationship. Indeed, in moving to withdraw defendant's plea, defendant's retained counsel relied upon conversations that he recently had with the first assigned counsel (now a prosecutor), who reportedly expressed willingness to testify at a hearing on the motion concerning knowledge that he acquired as defense counsel. We find that defendant's right to counsel was thereby violated given the substantial risk of an abuse of confidence and not merely an appearance of impropriety (*see People v Herr*, 86 NY2d at 641; *Matter of Schumer v Holtzman*, 60 NY2d at 55; *People v Shinkle*, 51 NY2d at 421). Accordingly, the judgment of conviction should be reversed.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.