People v Stein (2018 NY Slip Op 03566)





People v Stein


2018 NY Slip Op 03566


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108458

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JACOB STEIN, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
James R. Farrell, District Attorney, Monticello, for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 21, 2016, convicting defendant upon his plea of guilty of the crimes of grand larceny in the second degree, scheme to defraud in the first degree and possession of a sexual performance by a child (three counts).
In satisfaction of a 214-count indictment, defendant pleaded guilty to three counts of possession of a sexual performance by a child and waived his right to appeal. In addition, defendant pleaded guilty to a superior court information charging him with grand larceny in the second degree and scheme to defraud in the first degree, again waiving his right to appeal both orally and in writing. Defendant was sentenced to prison terms of 1 to 3 years on his convictions of
possession of a sexual performance by a child under counts 1 and 2 of the indictment and 1&frac13; to 4 years on the remaining conviction for said crime under count 3, all to run consecutively with each other. For his grand larceny and scheme to defraud convictions, defendant was sentenced to an aggregate prison term of 3½ to 10½ years, to run concurrently with the sentences imposed for the convictions of possession of a sexual performance by a child. Defendant appeals.
The People concede, and our review of the record confirms, that the imposition of consecutive sentences for possession of a sexual performance by a child convictions were not [*2]authorized because his conduct amounted to a single criminal act [FN1]. "It is well settled that sentences are authorized to be imposed consecutively if multiple offenses are committed through separate and distinct acts, even though they may be part of a single transaction" (People v Smith, 58 AD3d 888, 888-889 [2009] [internal quotation marks and citation omitted]). To justify consecutive sentences in this context, the People were required to establish, either through the indictment or the facts adduced during the allocution, that defendant came into possession of the images at separate and distinct times (see id. at 889). Here, the counts in the indictment to which defendant pleaded guilty contained identical language as to the time, date and place of possession. Inasmuch as neither the indictment nor the facts adduced during the allocution establish that the digital images came into defendant's possession at separate and distinct times, consecutive sentences were not authorized (see People v Dean, 8 NY3d 929, 930-931 [2007]; People v Smith, 58 AD3d at 889).
We are unpersuaded by defendant's contention that his waiver of the right to appeal — in connection with his plea to the charges in the superior court information — is invalid. Defendant acknowledged that he understood the separate and distinct nature of the waiver of the right to appeal and had no questions with regard thereto. Further, defendant executed a written waiver of the right to appeal in open court, after reviewing it with his counsel and confirming his understanding thereof. As such, defendant's waiver of the right to appeal was knowing, voluntary and intelligent (see People v Bryant, 28 NY3d 1094, 1094-1095 [2016]; People v McCarthy, 159 AD3d 1189, 1190 [2018]). Accordingly, defendant's harsh and excessive challenge to his sentence for the grand larceny conviction is precluded by the valid appeal waiver (see People v McCarthy, 159 AD3d at 1190; People v Brown, 156 AD3d 1248, 1249 [2017], lv denied 31 NY3d 981 [2018]).
Garry, P.J., McCarthy, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by directing that defendant's sentences for possession of a sexual performance by a child under counts 1, 2 and 3 of the indictment shall run concurrently to each other, and, as so modified, affirmed.



Footnotes

Footnote 1: We note that a challenge to the legality of the sentence is not precluded by the applicable waiver of the right to appeal (see People v Baxter, 157 AD3d 1061, 1062 [2018]).