People v Sears (2020 NY Slip Op 01974)





People v Sears


2020 NY Slip Op 01974


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


49 KA 16-01229

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS SEARS, DEFENDANT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered May 10, 2016. The judgment convicted defendant, upon a plea of guilty, of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law
§ 140.20), grand larceny in the fourth degree (§ 155.30 [1]), and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). At the time defendant committed those felony offenses, he was participating in a drug treatment court program in connection with three other misdemeanor charges. Defendant entered into a plea agreement whereby he agreed to plead guilty to the felony charges and to continue his participation in drug treatment court. Defendant failed to successfully complete the drug treatment court program, and the court sentenced defendant on the felony charges to a term of imprisonment and dismissed the misdemeanor charges "as being satisfied by the plea and sentence." Defendant contends that the judgment of conviction must be reversed because the court-assigned attorney who represented him in the preliminary stages with respect to the misdemeanor charges later joined the Onondaga County District Attorney's Office and was assigned to the drug treatment court while defendant's cases were pending there. We agree.
It is well established that a criminal defendant's right to counsel is violated when a defense attorney who actively participated in the preliminary stages of the defendant's defense becomes employed as an assistant district attorney by the office that is prosecuting the defendant's ongoing case (see People v Shinkle, 51 NY2d 417, 420-421 [1980]; People v Good, 62 AD3d 1041, 1042 [3d Dept 2009]; People v Gaines, 277 AD2d 900, 900 [4th Dept 2000]; see also People v Herr, 86 NY2d 638, 641 [1995]). In those circumstances, the defendant and the public are given "the unmistakable appearance of impropriety and [the situation] create[s] the continuing opportunity for abuse of confidences entrusted to the attorney during the [period] of his [or her] active representation of defendant" (Shinkle, 51 NY2d at 420; see Good, 62 AD3d at 1042; Gaines, 277 AD2d at 900-901). Disqualification is required when there is "the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight" (Shinkle, 51 NY2d at 421). "The rule is necessary to prevent situations in which [a] former client[] must depend on the good faith of [his or her] former [attorney] turned adversar[y] to protect and honor confidences shared during the now extinct relationship. In those situations the risk of abuse is obvious" (Herr, 86 NY2d at 641; see Good, 62 AD3d at 1042).
Here, we conclude that defendant's right to counsel was violated (see Gaines, 277 AD2d at 901). The People concede that the attorney who had represented defendant with respect to the misdemeanor charges was employed by the District Attorney's Office at the time defendant entered into the plea agreement that resolved those misdemeanor charges as well as the felony charges. Thus, on this record, we conclude that there is an "appearance of impropriety and . . . risk of prejudice attendant on abuse of confidence" (Shinkle, 51 NY2d at 421), and defendant should not have been required to "depend on the good faith of [his] former [attorney] turned adversar[y] to protect and honor confidences shared during the now extinct relationship" (Herr, 86 NY2d at 641; see Gaines, 277 AD2d at 901). Therefore, the judgment of conviction must be reversed, the plea vacated and the matter remitted to County Court for further proceedings on the indictment.
Defendant also contends that the court failed to conduct an adequate inquiry into his request for substitution of the counsel who represented him at the time that he entered the guilty plea. Inasmuch as there is no indication in the record that the court ruled on that request, we direct the court on remittal to rule on defendant's request for substitution of counsel (see People v Morris, 176 AD3d 1635, 1636 [4th Dept 2019]; see generally People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]).
In light of our determination, defendant's remaining contentions have been rendered academic.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court