People v Spencer (2021 NY Slip Op 00725)





People v Spencer


2021 NY Slip Op 00725


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


870 KA 17-01363

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUILLE SPENCER, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 17, 2017. The judgment convicted defendant upon a plea of guilty of attempted murder in the second degree, and upon a nonjury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]) arising from an October 26, 2015 shooting, and additionally convicting him upon a plea of guilty of attempted murder in the second degree (§§ 110.00, 125.25 [1]) arising from an August 25, 2015 shooting. We affirm.
Defendant contends that his conviction of murder in the second degree and criminal possession of a weapon in the second degree is based on legally insufficient evidence because the People failed to establish his identity as the perpetrator of the October 26, 2015 shooting. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of those crimes. The eyewitness testimony that defendant was the person who shot the deceased victim, in conjunction with other circumstantial evidence placing defendant at the scene of the shooting, is sufficient to establish defendant's identity as the perpetrator (see People v Graham, 174 AD3d 1486, 1490 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Butler, 140 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 28 NY3d 969 [2016]). We reject defendant's contention that the eyewitness testimony is incredible as a matter of law (see People v Williams, 81 AD3d 1281, 1282 [4th Dept 2011], lv denied 16 NY3d 901 [2011]).
Furthermore, viewing the evidence in light of the elements of those crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Lostumbo, 182 AD3d 1007, 1008 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Although a different verdict would not have been unreasonable, we cannot conclude that the court " 'failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see generally People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Ultimately, the court was in the best position to assess, inter alia, the credibility of the witnesses who testified that defendant was the perpetrator of the shooting, and we perceive no reason to reject the court's credibility determinations (see People v Broomfield, 134 AD3d 1443, 1444 [4th Dept 2015], lv denied 27 NY3d 1129 [2016]).
Defendant failed to preserve for our review his contention that the verdict is repugnant [*2](see People v Alfaro, 66 NY2d 985, 987 [1985]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Furthermore, defendant's contention that counsel was ineffective based on a conflict of interest is unpreserved because he did not move for a new trial after learning, postverdict, that his trial counsel had accepted an offer of employment with the Erie County District Attorney's Office (ECDA) and would soon start working there (see CPL 470.05 [2]; People v Gaines, 277 AD2d 900, 900-901 [4th Dept 2000]; cf. People v Sears, 181 AD3d 1290, 1291-1292 [4th Dept 2020]). Additionally, we note that defendant's contention "is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a 'mixed claim of ineffective assistance' " (People v Alvarracin, 148 AD3d 1041, 1042 [2d Dept 2017], lv denied 29 NY3d 1075 [2017]). Where, as here, "the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety' " (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018] [emphasis omitted]; see generally People v Maffei, 35 NY3d 264, 269-270 [2020]). In any event, to the extent that the record permits review of defendant's contention that he was denied effective assistance based on defense counsel's conflict of interest following his postverdict acceptance of future employment with the ECDA, we conclude that it is unavailing (see People v McCrone, 12 AD3d 848, 849 [3d Dept 2004], lv denied 4 NY3d 800 [2005]).
We reject defendant's contention that the sentence is unduly harsh and severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was convicted of attempted murder in the second degree on December 22, 2016, and it must therefore be amended to reflect that he was convicted of that count on March 27, 2017 (see People v Jackson, 145 AD3d 1564, 1564-1565 [4th Dept 2016], lv denied 29 NY3d 949 [2017]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court