Memorandum. A search of defendant’s person revealed that he was in possession of 28 glassine envelopes containing
 
 *824
 
 heroin and a knife with a 10-inch blade. Defendant, after a jury trial, was convicted of criminal possession of a controlled substance in the seventh degree and possession of a dangerous weapon. He was sentenced to consecutive terms of one-year imprisonment on the narcotics charge and nine-months imprisonment on the weapons count. Defendant contends that this sentence violates subdivision 3 of section 70.25 of the Penal Law, which states that "[w]here consecutive definite sentences of imprisonment * * * are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year.” We disagree. Although the defendant was discovered to be in possession of both the narcotics and the weapon at the same time, he committed two separate and distinct offenses. In no measure can these two dissimilar possessory offenses be construed as arising from the same criminal transaction.
 
 (People ex rel. Maurer v
 
 Jackson, 2 NY2d 259, 264;
 
 People v
 
 Frazier; 67 Misc 2d 376.) To extend the statute to such unrelated offenses would reduce the deterrent effect of the consecutive sentences. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.25, p 236.)
 

 The order of the Appellate Term should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.