■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH ROGERS, Also Known as JOHN CONWAY, Appellant. — Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered February 25, 1983, after a jury trial, convicting defendant of nine counts of the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02) and sentencing him: (a) as to counts one through three, to concurrent indeterminate terms of imprisonment of not less than 2⅓ years and not more than 7 years; (b) as to counts four through six, to concurrent indeterminate terms of imprisonment of not less than 1⅓ years and not more than 4 years; (c) as to counts seven through nine, to concurrent indeterminate terms of imprisonment of not less than 1⅓ years and not more than 4 years; these three sets of sentences, described *supra* in (a) through (c), are to run consecutive to each other, and, *inter alia,* the court totaled these sentences to aggregate terms of not less than 5 years and not more than 15 years, and those terms are to run consecutively to an unrelated Federal sentence that the defendant is presently serving, is unanimously modified, on the law, only to the extent of reversing and vacating the sentences imposed, and remanding for resentencing to concurrent sentences, and otherwise affirmed.

On or about March 17, 1981, a bombing occurred at 9 Bleeker Street, New York County. During the course of their investigation of that crime, the New York City Police Department placed the defendant under surveillance. While monitoring his movements, the police learned that the defendant was a fugitive from justice, since, on or about March 27, 1972, he had failed to appear to answer Federal criminal charges pending in the United States District Court for the Southern District of New York.

Subsequently, on the evening of September 16, 1981, city police officers, together with agents of the United States Drug Enforcement Administration, arrested defendant inside his apartment, located at 47A Horatio Street, New York County. Later that evening, these law enforcement officers searched defendant's car and found in the trunk of that vehicle, among other contraband, nine operable guns of various types, such as: a .9 mm Uzi semiautomatic carbine, a .9 mm Beretta semiautomatic pistol, three .38 Colt revolvers, a .9 mm Smith and Wesson semiautomatic pistol, a .357 Magnum Colt revolver, a .9 mm Walther semiautomatic pistol, and a .380 AMT semiautomatic pistol.

Thereafter, the defendant was indicted. As a result of a trial, a jury found defendant guilty of nine counts of criminal possession of a weapon in the third degree. Following his conviction on these charges, the trial court sentenced defendant to the combination of concurrent and consecutive sentences set forth *supra*.

We find that the trial court erred in its imposition of consecutive sentences. A unanimous Court of Appeals held in *People v Christman* (23 NY2d 429, 433-434) that "[a]lthough [the crimes upon which defendant was found guilty] were * * * capable of separate prosecution and conviction, they were so unified with the basic acts made criminal by the Penal Law that, on the present record, they could not be the basis for separate punishments (former Penal Law, § 1938, now § 70.25, subd. 2; *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259; *People* v. *Repola,* 305 N. Y. 740). Hence * * * separate consecutive sentences [for these crimes] may not be imposed."

Our examination of the other contentions of error raised by the defendant leads us to find that they are without merit. Concur — Ross, J. P., Asch, Bloom, Milonas and Ellerin, JJ.