■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO NEGRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered October 26 1989, convicting him of criminal possession of a controlled substance in the second degree, and attempted criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As part of a plea agreement, the People agreed to forego prosecution of the defendant to the full extent of the charge contained in the indictment in return for the defendant's acceptance of an aggregate sentence of 10 years to life imprisonment. This sentence consisted of two consecutive terms of two to four years imprisonment imposed for two counts of attempted criminal possession of a weapon in the third degree, to run consecutively to an indeterminate term of six years to life imprisonment for criminal possession of a controlled substance in the second degree. On appeal, the defendant seeks to undermine the terms of this agreement, into which he voluntarily entered, and argues for the first time that the sentence imposed is illegal. The defendant also argues that due to

several misstatements contained in the minutes of the plea and sentence proceedings, "the case should be remanded to clarify the sentence".

Reading the minutes of the plea and sentence proceedings, together with the indictment and the warrant of commitment, we find that there can be no doubt as to the actual grade of the crimes to which the defendant pleaded guilty and for which he was sentenced. That the defendant received the sentence for which he bargained is clear. There is no need for a remittitur in order to correct certain inconsequential errors in transcription (cf., People v Semkus, 109 AD2d 902 [remittitur needed to clarify nature of plea and sentence where actual terms of plea bargain agreement and sentence were unclear]).

The two terms of imprisonment imposed for the two weapons offenses were properly made to run consecutively to the term of imprisonment imposed for criminal possession of a controlled substance in the second degree (see, People v Almeida, 39 NY2d 823). We also believe that the two terms of imprisonment imposed for the two counts of attempted criminal possession of a weapon in the third degree were properly made to run consecutively with respect to one another. "Since [the] defendant possessed several weapons, it * * * was not illegal to impose consecutive sentences arising out of possession of each weapon" (People v Igartua, 171 AD2d 547, 549; People v Parris, 170 AD2d 625; but see, contra, People v Rogers, 111 AD2d 665).

We also find that the aggregate sentence was neither harsh nor excessive. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.