◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE ALBRITTON, Appellant. [612 NYS2d 233] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 6, 1992, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by providing that all terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to each of these crimes was not against the weight of the evidence (see, CPL 470.15 [5]). From the evidence presented at trial, the jury could infer that the defendant acted in concert with his unapprehended accomplice. The defendant indicated in a statement to the police that he and his accomplice arranged a robbery which was thwarted by the police. In addition, the prosecution presented evidence that the defendant and his accomplice actively participated in a gun battle with two officers after which he and the co-perpetrator fled the crime scene. Within moments, one of the officers at the crime scene found the gun that the defendant's cohort had wielded.

Under the circumstances of this case, we agree with the defendant's contention that pursuant to Penal Law § 70.25 (2), the terms of imprisonment imposed on the two counts of criminal possession of a weapon in the second degree must run concurrently (see, People v Christman, 23 NY2d 429; People v Rogers, 111 AD2d 665).

The remaining contention raised by the defendant is without merit. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.