■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DWAYNE ALBRITTON, Respondent. [629 NYS2d 270] —Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated May 31, 1994, which granted the defendant's motion to bar his retrial for attempted murder in the first degree (two counts) and attempted murder in the second degree (two counts) pursuant to CPL 310.70 (2) (a), and dismissed those counts of Indictment No. 6306/91.

Ordered that the order is affirmed.

On September 30, 1991, the defendant and an accomplice who remains unapprehended were interrupted by two police officers at a gasoline station during an apparent robbery attempt (*see, People v Albritton*, 204 AD2d 651). The officers directed the defendant and his accomplice to put their hands on top of a vehicle. The defendant initially complied, but his accomplice pulled out a gun, fired at one of the officers, and continued firing. The defendant pulled out a gun, fired at one officer, and then fired at the other officer. One of the officers

fired back at the defendant, who retreated. The defendant ran by the two officers and again fired several shots in their direction. One of the officers returned the fire. The defendant continued firing as he fled the scene.

The defendant was apprehended and indicted, *inter alia*, for attempted murder in the first degree (two counts; one count as to each police officer), attempted murder in the second degree (two counts; one count as to each police officer), and reckless endangerment in the first degree (two counts; one count as to each police officer).

The counts of the indictment charging the defendant with reckless endangerment each alleged that the defendant "under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person in that the defendants fire [*sic*] shots from a loaded firearm".

At the conclusion of a jury trial, the trial court did not charge the attempted murder counts in the alternative. The trial court instructed the jury that the reckless endangerment counts charged that the defendant, acting in concert with another, "recklessly engaged in conduct which created a grave risk of death to another person in that defendant did fire shots from a loaded firearm" at each of the officers. With respect to the attempted murder counts, the trial court instructed the jury that the People are required to prove, *inter alia*, that "the defendant acting in concert with another engaged in conduct which tended to effect the commission of such crime, to wit, that he did fire shots from a loaded firearm" at each of the officers. The jury was also instructed that the acts of the defendant included the acts of an accomplice with whom he was acting in concert.

The jury found the defendant guilty, *inter alia*, of reckless endangerment in the first degree (two counts), but was unable to reach a unanimous decision with respect to the attempted murder counts. The defendant's conviction of reckless endangerment in the first degree (two counts) was subsequently affirmed by this Court (*see, People v Albritton*, 204 AD2d 651, *supra*).

After the defendant was sentenced, *inter alia*, for reckless endangerment in the first degree (two counts), he moved to bar his retrial on the attempted murder counts on the ground that his conviction for attempted murder would be inconsistent with his conviction of reckless endangerment in the first degree (two counts) (*see*, CPL 310.70 [2] [a]). The trial court granted the motion, and dismissed the attempted murder counts.

On appeal, the People acknowledge that one cannot perform a single act with a single result both recklessly and with the intent to kill (*see, People v Gallagher*, 69 NY2d 525). In determining whether verdicts would be inconsistent, one must examine the trial court's charge to the jury "to see the essential elements of each count, as described by the trial court, and determin[e] whether the jury's findings on those elements can be reconciled" (*People v Loughlin*, 76 NY2d 804, 806; *People v Tucker*, 55 NY2d 1, 6-7). One must also examine whether there is a reasonable view of the evidence, upon which a jury could "have found defendant guilty of both crimes" *(People v O'Toole*, 138 AD2d 639, 640; *see, People v Mills*, 214 AD2d 423).

The original jury was only able to agree that the defendant (and/or his accomplice) fired at the officers recklessly. In its charge to the jury, the trial court defined the acts constituting reckless endangerment as "that defendant did fire shots from a loaded firearm" at each of the officers. The jury was also instructed that the acts of the defendant included those of an accomplice with whom he was acting in concert. Thus, the original jury, when convicting the defendant of reckless endangerment, *could* have determined that some or all of the shots fired by him (or his accomplice) at each of the officers were fired recklessly, rather than with intent to kill. It is impossible to determine the basis of the original jury's conclusion. If, upon a de novo consideration of the evidence at the retrial, the new jury renders a guilty verdict with respect to all or any of the attempted murder counts, the verdict may very well be inconsistent with the verdict rendered by the original jury. Accordingly, under the circumstances of this case, it would be inappropriate to permit the retrial of the defendant on the attempted murder charges (*see*, CPL 310.70 [2]). Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.