■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON PRATT, Also Known as MICHAEL DAVIS, Appellant. [698 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered September 12, 1996, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree (two counts), criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's claims that a confidential informant's reliability was not established and thus that a search warrant should not have been issued. The informant had appeared before the issuing Judge, identified himself, testified under oath as to his personal knowledge and observations, and had further sworn that the information in the applying officer's affidavit was true. Under these circumstances, the *Aguilar-Spinelli* standard (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) is inapplicable, as the issuing Judge was in a position to assess directly the informant's veracity in connection with the court's probable cause determination (*see, People v Taylor,* 73 NY2d 683, 688; *People v Christopher,* 258 AD2d 662; *People v Walker,* 244 AD2d 796, 797; *see also, People v Brown,* 40 NY2d 183, 187-188).

We agree that the People's narcotics expert was improperly

permitted to testify to, among other things, his opinion that the apartment in which the defendant was found in the presence of various contraband upon the execution of the search warrant was a drug "factory" as this invaded the jury's province as the ultimate fact-finder (*see, People v Williams,* 224 AD2d 725; *People v Goodwine,* 177 AD2d 708, 709; *see generally, Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 147-148). Nevertheless, this constituted harmless error given the overwhelming evidence of the defendant's guilt and the absence of a significant probability that the jury would have acquitted the defendant but for the error (*see, People v Crimmins,* 36 NY2d 230, 241-242; *see also, People v Williams, supra*; *People v Goodwine, supra*; *People v Forcione,* 156 AD2d 952).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Mangano, P. J., O'Brien, Ritter and Schmidt, JJ., concur.