■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL SALAZAR, Appellant. [736 NYS2d 20] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered January 25, 2000, convicting defendant, after a nonjury trial, of criminal possession of a weapon in the third degree (two counts), criminal contempt in the second degree, menacing in the second degree and harassment in the second degree, and sentencing him to consecutive terms of 2⅓ to 7 years on the weapon convictions, to run concurrently with terms of one year on the contempt conviction, one year on the menacing conviction and 15 days on the harassment conviction, unanimously modified, on the law, to the extent of directing that the sentences on the weapon convictions run concurrently, and otherwise affirmed.

Defendant's suppression motion was properly denied. The court properly found that the warrantless entry into defendant's apartment, which resulted in the seizure of two knives in plain view, was justified under the emergency doctrine (*see, People v Mitchell*, 39 NY2d 173, 177-178; *People v DePaula*, 179 AD2d 424), based on the totality of the information available to the officers concerning defendant's violent conduct, threats and disturbed mental condition. This information came from an identified victim-witness, from persons encountered by the officers on the street outside defendant's window, and from the officers' own observations. Contrary to defendant's contention, the danger did not abate during the period that the officers waited to gain entry into his apartment (*see, People v Glia*, 226 AD2d 66, 71-72, *appeal dismissed* 91 NY2d 846).

The evidence was legally sufficient to convict defendant of contempt of an order of protection, as his appearance outside the complainant's apartment violated the order's clear prohibition against appearing near her "home." Although the complainant was a college student who lived in a dormitory, the apartment was her permanent home, and the order clearly applied thereto.

Defendant's simultaneous possession of two knives, with the same intent, constituted a single act requiring concurrent sentences (*see, People v Rogers*, 111 AD2d 665, *lv denied* 66 NY2d 617), and we modify the sentences accordingly.

We perceive no basis for reduction of sentence. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.