◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PACCIONE, Appellant. [736 NYS2d 617] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered November 3, 1999, convicting him of criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and sentencing him to two consecutive one-year terms of imprisonment, to run consecutively with a previously-imposed federal sentence.

Ordered that the judgment is modified, on the law, by providing that the one-year terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

As the People correctly concede, pursuant to Penal Law § 70.25 (2), the sentences imposed upon the defendant on each of the two counts of criminal possession of a weapon in the fourth degree must run concurrently with each other, since the guns and ammunition found during a search of his home were discovered at the same time and in the same location (*see, People v Albritton,* 204 AD2d 651; *People v Rogers,* 111 AD2d 665, 666). However, the Supreme Court properly exercised its discretion in directing that the sentences run consecutively

with a previously-imposed federal sentence (*see,* Penal Law § 70.25 [4]; *People v Troia,* 96 AD2d 954).

Moreover, relitigation of the issue of whether the guns and ammunition found during the search of the defendant's home should have been suppressed is barred by the doctrine of collateral estoppel. That issue was previously determined in *People v Paccione* (259 AD2d 563), in which this Court modified an order of the Supreme Court, Kings County, to provide that those branches of the defendant's motion to suppress physical evidence which were to suppress the guns and ammunition should have been denied (*see, People v Carroll,* 200 AD2d 630, 631). Florio, J.P., Smith, McGinity and Crane, JJ., concur.