■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDREY HARRIS, Appellant. [740 NYS2d 638] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 16, 2000, convicting her of attempted burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the court erred in permitting the prosecution's sole eyewitness to testify concerning his opinions and conclusions about his observations of the defendant is not preserved for appellate review (*see People v Gray,* 86 NY2d 10, 19; *People v Heide,* 84 NY2d 943, 944; *People v Mapp,* 245 AD2d 307; *People v Rosario,* 195 AD2d 577). In any event, although the testimony was improper (*see People v Russell,* 165 AD2d 327, 332, *affd* 79 NY2d 1024), its admission was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Pratt,* 266 AD2d 318, 319; *People v Goodwine,* 177 AD2d 708, 709). Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.