■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. PULLEY, Appellant. [754 NYS2d 808] —Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered October 22, 1998, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree and vacating the sentence imposed thereon and as modified the judgment is affirmed, and a new trial is granted on count one of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the second degree (Penal Law former § 265.03) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct (see *People v Chavez-Flores*, 259 AD2d 984, *lv denied* 94 NY2d 821). By failing to object to the jury charge, defendant failed to preserve for our review his contentions that Supreme Court erred in charging the statutory presumptions of defendant's intent to use a weapon and possession of a weapon (*see* CPL 470.05 [2]). Defense counsel provided meaningful representation (*see People v Baldi*, 54

NY2d 137, 147). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

However, we agree with defendant's contention that the court erred in denying defendant's request to charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1] [possession of any firearm]) as a lesser included offense of criminal possession of a weapon in the second degree (former § 265.03 [possession of any loaded firearm with the intent to use it unlawfully against another]). Criminal possession of a weapon in the fourth degree is a proper lesser included offense of criminal possession of a weapon in the second degree because it is theoretically impossible to commit the greater offense without concomitantly committing the lesser offense and there is a reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see People v Glover*, 57 NY2d 61, 63). The People presented evidence that, while in pursuit of a vehicle operated by defendant, the police observed defendant place something on the passenger side floor of his vehicle. The jury could have found that defendant possessed the weapon in the vehicle but did not intend to use it against another.

Penal Law § 265.15 (4) provides that, if a defendant is found in possession of a weapon, a presumption exists that he intends to use the weapon unlawfully against another. However, this presumption is merely permissive, as the court properly charged the jury, and the jury could have rejected the inference that defendant possessed the weapon with the intent to use it unlawfully (*see generally People v Leyva*, 38 NY2d 160, 167). Consequently, defendant was entitled to a charge-down to criminal possession of a weapon in the fourth degree under count one of the indictment.

Contrary to the further contention of defendant, he was not entitled to a charge-down to criminal possession of a weapon in the fourth degree under count two of the indictment charging him with criminal possession of a weapon in the third degree (Penal Law § 265.02 [4] [possession of any loaded firearm]). The People established that the gun was loaded and thus no reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater offense. We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the second degree and vacating the sentence imposed thereon, and we grant a new trial on count one of the indictment. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.