■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL A. SMITH, Appellant. [766 NYS2d 234] —Kane, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 5, 2002, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree (two counts).

Defendant was indicted on charges related to possession of drugs and a weapon. Following a guilty verdict on three felonies, he was sentenced, as a second felony offender, to prison terms of 12½ to 25 years for criminal possession of a controlled substance in the third degree, 2⅓ to 7 years for one count of criminal possession of a weapon in the third degree, and seven years for the other count of criminal possession of a weapon in the third degree. The drug possession sentence was imposed consecutively to the weapons sentences, which were concurrent. Defendant's CPL article 330 motion was denied. He now appeals.

Defendant's argument that the People improperly elicited testimony of uncharged crimes, namely prior drug sales from the same apartment where defendant was arrested and constructive possession of marihuana in that apartment at the time of arrest, is not preserved for our review because no objection was raised to any of this testimony (see CPL 470.05 [2]; *People v Long*, 291 AD2d 720, 721 [2002], *lv denied* 98 NY2d 677 [2002]). Were we to consider the issue, it appears that defense counsel did not object because introduction of this evidence is consistent with the defense theory stated in the opening and summation that defendant was present as a user and not a seller, and that the other person in the apartment was

the drug dealer. Defendant presented extensive testimony on the sales in furtherance of his theory. Finally, any potential prejudice to defendant was diminished by prompt limiting instructions from the court (*see People v Civitello,* 152 AD2d 812, 813-814 [1989], *lv denied* 74 NY2d 947 [1989]).

Viewed in a light most favorable to the People (*see People v Bleakley,* 69 NY2d 490, 494 [1987]; *People v Bates,* 299 AD2d 727, 727 [2002], *lv denied* 99 NY2d 626 [2003]), the trial evidence on the weapons charge was legally sufficient. An officer heard glass breaking, saw a black arm clad in a gray shirt withdrawing into a window of the apartment, and heard a thud on the ground as if something had been thrown out of the window. Immediately thereafter, he heard someone running down a stairwell inside the building. The stairwell led to the basement, where defendant was found. A loaded, operable pistol was found in the neighboring yard in a condition indicating that it had not been exposed to the elements. A window in the apartment was broken with glass outside the window. Defendant was one of two individuals located in the building, the only one wearing gray, he did not live or work in the building, and he had bleeding cuts on his right wrist. This evidence supports a valid line of reasoning and permissible inferences from which a rational jury could find defendant to be the individual who threw the weapon from the building, therefore guilty of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1], [4]; *People v Bleakley, supra* at 494-495; *People v Bates, supra* at 727-728).

As to the drug charge, testimony also established that 29 individually wrapped baggies of crack cocaine were located in open view on a card table, the only piece of furniture in the apartment, along with a television, video game and bag of marihuana. No crack pipes or paraphernalia for using drugs was found in the apartment or on defendant. Prior sales had been made from the apartment and none of the buyers was permitted entry. Defendant fled the apartment to the basement upon arrival of the police. Permissible inferences are that defendant constructively possessed this cocaine, and that he intended to sell it as opposed to possessing it for personal use. The evidence was legally sufficient to establish criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [1]; *People v Bleakley, supra* at 494-495; *People v Bates, supra* at 727-728; *cf. People v Edwards,* 206 AD2d 597 [1994], *lv denied* 84 NY2d 907 [1994]). Although, when viewed in a neutral light, other conclusions could be reached from the evidence, weighing the relative probative force of testimony

and the strength of inferences which may be drawn from the evidence—particularly that the only activity that would be conducted by the occupants of this virtually unfurnished apartment with drugs packaged for sale in open view was the sale of those drugs—the verdict was also not against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Edey,* 300 AD2d 758, 759 [2002], *lv denied* 99 NY2d 614 [2003]; *People v Bates, supra* at 728).

Consecutive sentences on defendant's weapon possession and drug possession charges were legal, as those are separate and distinct possessory offenses regardless of defendant's possession of both drugs and a weapon at the same time (*see People v Almeida,* 39 NY2d 823, 824 [1976]; *People v Negron,* 184 AD2d 532, 533 [1992]; *see also* Penal Law § 70.25 [2]). Though the sentence was permissible, we reduce it in the interest of justice (*see* CPL 470.15 [6]). Gun possession was an aggravating factor for the drug charges justifying imposition of more than a minimum sentence, but given defendant's criminal history and commission of these separate crimes contemporaneously, we deem consecutive maximum sentences harsh and excessive (*see People v Mendoza,* 300 AD2d 824, 825 [2002], *lv denied* 99 NY2d 617 [2003]; *People v Harris,* 288 AD2d 610, 619 [2001], *affd* 99 NY2d 202 [2002]). We find it appropriate to reduce the sentences by directing that they all run concurrently to one another.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all sentences imposed upon defendant run concurrently to one another, and, as so modified, affirmed.