◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RON CHISOLM, Appellant. [789 NYS2d 21]—

155

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J., at hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered September 30, 2002, convicting defendant of three counts of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously modified, on the law, to vacate the sentence and to remand for resentencing, and otherwise affirmed.

The verdict was not against the weight of the evidence. The jury had ample basis upon which to apply the automobile presumption contained in Penal Law § 265.15 (3). The fact that the bag containing the weapons at issue may have been somewhat more accessible to one of the codefendants than to defendant was insignificant under the facts presented, which were strongly indicative of a heavily armed team of four men, jointly possessing a quantity of firearms.

The court properly denied defendant's suppression motion. It is undisputed that the police had probable cause or reasonable suspicion upon which to stop a particular vehicle. The record establishes that, after briefly losing sight of such vehicle, they had reasonable suspicion upon which to stop the vehicle containing defendant and his codefendants, which the police observed in very close spatial and temporal proximity, and which reasonably appeared to be the same vehicle they had been following (*see People v Warren*, 89 AD2d 501 [1982]).

Defendant's challenges to the court's main and supplemental charges are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that while, in each of the instances challenged on appeal, it would have been preferable for the court to employ the Criminal Jury Instructions, the instructions at issue conveyed the appropriate principles to the jury (*see People v Fields*, 87 NY2d 821, 823 [1995]).

The record at sentence reflects that the court intended to

sentence defendant to 10 years but was persuaded by mitigating evidence to impose the more lenient seven-year sentence. However, the maximum term to which defendant can be sentenced for this conviction is seven years (*see e.g. People v Salazar*, 290 AD2d 256, 257 [2002], *lv denied* 97 NY2d 760 [2002]). Thus, a sentence of 10 years would have been illegal. Since it appears that the court relied on misinformation as to the appropriate sentencing range, we remand the matter for resentencing (*see People v Naranjo*, 89 NY2d 1047, 1049 [1997]), taking into account the maximum legal term and the mitigating evidence. Concur—Mazzarelli, J.P., Saxe, Marlow, Ellerin and Nardelli, JJ.