THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH SMALL, Appellant. [804 NYS2d 89]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered January 14, 2002, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree, criminal possession of a controlled substance in the third degree, criminal possession of stolen property in the fifth degree, criminally using drug paraphernalia in the second degree, criminal possession of marijuana in the fourth degree, and possession of ammunition, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Mangano, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, that branch of his omnibus motion which was to suppress physical evidence and controvert the search warrant pursuant to which the evidence

was recovered on the ground that the confidential informant's testimony did not meet the *Aguilar-Spinelli* test (*see Aguilar v Texas,* 378 US 108 [1964]; *Spinelli v United States,* 393 US 410 [1969]), was properly denied without a hearing. Since the confidential informant, while under oath, directly provided information to the issuing court supporting probable cause for the issuance of the search warrant, the *Aguilar-Spinelli* test is inapplicable to the instant matter (*see People v Taylor,* 73 NY2d 683, 688 [1989]; *People v Pratt,* 266 AD2d 318 [1999]; *People v Christopher,* 258 AD2d 662, 663 [1999]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The concurrent sentences imposed on the two weapons possession convictions were properly made to run consecutively to the term of imprisonment imposed on the conviction of criminal possession of a controlled substance in the third degree (*see People v Almeida,* 39 NY2d 823, 824 [1976]; *People v Smith,* 309 AD2d 1081, 1083 [2003]; *People v Negron,* 184 AD2d 532, 533 [1992]). The sentence imposed was not otherwise excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.