■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORESE JOHNSON, Appellant. [805 NYS2d 201]—

Crew III, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 20, 2002, upon a verdict convicting defendant of the crimes of attempted murder in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

As the result of firing several shots at two police officers, defendant was indicted and charged with two counts of attempted murder in the first degree, one count of reckless endangerment in the first degree and one count of criminal possession of a weapon in the second degree. Following a jury trial, defendant was convicted of one count of attempted murder, reckless endangerment and criminal possession of a weapon and sentenced, as a second felony offender, to an aggregate term of imprisonment of 28½ years to life. Defendant now appeals and we affirm.

Defendant contends that County Court erred in failing to discharge a juror when it was discovered, during trial, that the juror had a previous professional relationship with a witness for the People. We disagree. The record reveals that when the matter was brought to the court's attention, a probing but tactful inquiry was made of the juror, which satisfied the court that the juror could serve impartially, and that finding is to be accorded great deference upon appellate review (*see People v Leader*, 285 AD2d 823, 824 [2001], *lv denied* 97 NY2d 756 [2002]).

We also reject defendant's contention that County Court erred in failing to charge criminal possession of a weapon in the third and fourth degrees as lesser included offenses to the charge of criminal possession of a weapon in the second degree. Simply stated, criminal possession of a weapon in the third degree is not a lesser included offense of criminal possession of a weapon in the second degree (*see People v Saulters*, 255 AD2d 896 [1998], *lv denied* 92 NY2d 1038 [1998]) and no reasonable view of the evidence would support a finding that defendant committed criminal possession of a weapon in the fourth degree but not criminal possession of a weapon in the second degree (*see People v Pulley*, 302 AD2d 899, 900 [2003], *lv denied* 100 NY2d 565 [2003]). We have considered defendant's remaining contentions and find them equally without merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.