■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUA SMITH, Appellant. [853 NYS2d 892]–

The defendant's contention that he was denied the effective assistance of counsel is without merit. Considering the totality of the evidence, the law, and the circumstances of the case, the defendant's trial counsel provided him with meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-713 [1998]; *People v Baldi,* 54 NY2d 137, 147-148 [1981]). The defendant's disagreement with his trial counsel's strategies and tactics does not establish that his trial counsel provided him with less than meaningful representation (*see People v Ryan,* 90 NY2d 822, 824 [1997]; *People v Rivera,* 71 NY2d 705, 709 [1988]; *People v Quito,* 43 AD3d 411 [2007]).

However, on the record before us, it is not clear whether the court sentenced the defendant as a second felony drug offender pursuant to Penal Law § 70.70 (3) (b) (i), or as a second felony drug offender whose prior felony conviction was a violent felony pursuant to Penal Law § 70.70 (4) (b) (i) (*see* CPL 400.21). As the People correctly concede on appeal, the defendant should have been sentenced as a second felony drug offender pursuant to Penal Law § 70.70 (3) (b) (i). Accordingly, we vacate the sentence and remit the matter to the Supreme Court, Kings County, for resentencing, at which time the court shall clearly set forth that the resentence imposed is made pursuant to the defendant's proper status as a second felony offender pursuant to Penal Law § 70.70 (3) (b) (i) (*see People v Chisolm,* 15 AD3d 154, 155-156 [2005]). Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.