THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN D. HUNT, Appellant. [859 NYS2d 848]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered November 1, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (10 counts) and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sen-

tences imposed on counts 1 through 4 of the indictment shall run concurrently with respect to each other, that the sentence imposed on count 9 of the indictment shall run concurrently with the sentences imposed on counts 1 through 4 of the indictment, and that the sentence imposed on count 11 of the indictment shall run concurrently with the sentences imposed on counts 1 through 4 and count 9 of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, four counts of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]). As we concluded in our decision affirming the judgment of conviction of one of the codefendants, County Court properly determined that the police had probable cause to search the van in which defendant was a passenger and thus properly refused to suppress the evidence found therein (*see People v Jackson,* 52 AD3d 1318 [2008]). We further conclude that the police had probable cause to stop the van based on the commission of a traffic infraction (*see People v Carvey,* 89 NY2d 707, 710 [1997]), which was conceded by the codefendant on his appeal (*Jackson,* 52 AD3d 1318 [2008]). Also contrary to defendant's contention, the prosecutor's comments on summation were a fair response to defense counsel's summation and did not deprive defendant of a fair trial (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Rhodes,* 11 AD3d 487, 488 [2004], *lv denied* 4 NY3d 747 [2004]).

We agree with defendant, however, that the court erred in directing that the sentences imposed for criminal possession of a weapon in the second degree under counts 1 through 4 of the indictment shall run consecutively with respect to each other, that the sentence imposed for criminal possession of a weapon in the third degree under count 9 shall run consecutively with counts 1 through 4, and that the sentence imposed for criminal possession of a weapon in the third degree under count 11 shall run consecutively with counts 1 through 4 and count 9. We therefore modify the judgment accordingly. The evidence at trial established only defendant's constructive possession of the firearms in support of the crimes of which defendant was convicted, and thus the People proved only a single *actus reus* (*see People v Laureano,* 87 NY2d 640, 643 [1996]; *People v Christman,* 23 NY2d 429, 433-434 [1969]; *People v Rogers,* 111 AD2d 665 [1985], *lv denied* 66 NY2d 617 [1985]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.