The People of the State of New York, Respondent, v Timothy T. Jackson, Appellant. [860 NYS2d 368]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered January 27, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (10 counts) and reckless endangerment. By order entered May 13, 2004, Monroe County Court (John J. Connell, J.) denied that part of defendant's omnibus motion seeking to suppress evidence.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, four counts of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution and, contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]).

Contrary to the further contention of defendant, County Court properly refused to suppress evidence seized from the van in which he was a passenger. The record of the suppression hearing establishes that, at approximately 8:00 P.M., the police received a report that gunshots had been fired near a specified street and that either a white minivan or a white conversion van was involved. At approximately 12:50 A.M., the police heard at least four gunshots fired near that street, and a few minutes later they heard 15 to 20 gunshots fired in the area of that street. An officer parked on that street observed a conversion van parked in the middle of the street with its headlights off and, according to the officer, the 15 to 20 gunshots came from the area immediately adjacent to the van. After the shots were fired, the van began to move toward the officer, with its headlights on. Another officer who was closer to the area from which the 15 to 20 gunshots were fired but who was parked on an adjacent street observed the van leaving the area ap-

proximately seven seconds after the gunshots were fired. In addition, when that officer began to follow the van in his police vehicle, he noticed two men standing on a street corner who were pointing at the van while saying, "[t]he van, the van." Both officers testified that there were no other moving vehicles on the street in question at that time. One of the officers following the van in his police vehicle activated his emergency lights and siren, but the van did not pull over to the side of the road until approximately four blocks later. The police then ordered the occupants of the van to exit the vehicle, whereupon the police observed that two of the occupants were wearing body armor. Defendant does not challenge the stop of the vehicle and, contrary to his contention, the search of the vehicle was permissible under "the so-called 'automobile exception' [to the search warrant requirement], under which State actors may search a vehicle without a warrant when they have probable cause to believe that evidence or contraband will be found there" (*People v Galak*, 81 NY2d 463, 467 [1993]; *see People v Whittle*, 48 AD3d 714 [2008]; *People v Delarosa*, 28 AD3d 1186, 1187 [2006], *lv denied* 7 NY3d 811 [2006]). Here, the events preceding the stop of the vehicle and the fact that two occupants were wearing body armor established the requisite probable cause to search the vehicle (*see generally People v Carvey*, 89 NY2d 707, 712 [1997]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.