THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATEIK MITCHELL, Appellant. [909 NYS2d 269]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered January 14, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (four counts), criminal possession

of a weapon in the third degree (ten counts), reckless endangerment and unlawful wearing of a body vest.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts 1 through 4 of the indictment shall run concurrently with respect to each other, that the sentence imposed on count 9 of the indictment shall run concurrently with the sentences imposed on counts 1 through 4 of the indictment, that the sentence imposed on count 11 of the indictment shall run concurrently with the sentences imposed on counts 1 through 4 and count 9 of the indictment, and that the sentence imposed on count 16 of the indictment shall run concurrently with the sentences imposed on counts 1 through 4 and counts 9 and 11 of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]). Defendant failed to preserve for our review his contention that meaningful appellate review of his *Batson* challenge is foreclosed by the failure to make a stenographic record of the bench conferences during which peremptory challenges were discussed (*see* CPL 470.05 [2]). In any event, the record belies that contention inasmuch as the voir dire of prospective jurors was in fact transcribed, and a record of the *Batson* challenge by defendant was made at his request, thus allowing meaningful appellate review of that challenge. Indeed, we do not review the propriety of County Court's denial of defendant's *Batson* challenge because defendant does not raise any such issue on appeal.

We reject defendant's further contention that the court erred in failing to charge criminal possession of a weapon in the fourth degree as a lesser included offense of the charges of criminal possession of a weapon in the second degree. Under the facts of this case, there is no reasonable view of the evidence that would support a finding, without "resort[ing] to sheer speculation," that defendant committed the lesser offense but not the greater offense (*People v Butler*, 84 NY2d 627, 632 [1994] [internal quotation marks omitted]; *see People v Johnson*, 24 AD3d 958 [2005], *lv denied* 6 NY3d 814 [2006]; *cf. People v Pulley*, 302 AD2d 899 [2003], *lv denied* 100 NY2d 565 [2003]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]).

We agree with defendant, however, that the court erred in directing that the sentences imposed for criminal possession of a weapon in the second degree under counts 1 through 4 of the

indictment shall run consecutively with respect to each other, that the sentence imposed for criminal possession of a weapon in the third degree under count 9 shall run consecutively with the sentences imposed on counts 1 through 4, that the sentence imposed for criminal possession of a weapon in the third degree under count 11 shall run consecutively with the sentences imposed on counts 1 through 4 and count 9, and that the sentence imposed for unlawful wearing of a body vest (Penal Law § 270.20 [1]) under count 16 shall run consecutively with the sentences imposed on counts 1 through 4 and counts 9 and 11. We therefore modify the judgment accordingly. The evidence at trial established only that defendant constructively possessed the firearms with respect to the criminal possession of a weapon counts of which he was convicted, and thus the People proved only a single actus reus (*see People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Hunt*, 52 AD3d 1312 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Rogers*, 111 AD2d 665 [1985], *lv denied* 66 NY2d 617 [1985]). Further, the actus reus of the counts of criminal possession of a weapon is a material element of the offense of unlawful wearing of a body vest (*see generally Laureano*, 87 NY2d at 643). Thus, that sentence must also run concurrently with the sentences imposed on the criminal possession of a weapon counts. We have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.