# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

284
KA 10-01074

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHERRELL WILLIAMS, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 21, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), defendant contends that Ontario County Court erred in concluding that he was collaterally estopped from relitigating a witness's identification of him from a photo array that was the subject of a *Wade* hearing held in Monroe County Court. We reject that contention. The doctrine of collateral estoppel "prevents a party from relitigating an issue decided against [him or her] in a prior proceeding" (*People v Aguilera*, 82 NY2d 23, 29), and it applies where there is identity of parties and issues, a final and valid prior judgment and a full and fair opportunity to litigate the prior determination (*see id*. at 29-30). The doctrine of collateral estoppel applies in both criminal and civil cases (*see generally id.* at 29; *People v Plevy*, 52 NY2d 58, 64-65).

Here, the parties stipulated to the fact that Monroe County Court refused to suppress a photo identification following a *Wade* hearing in the case against him in that county, and it is undisputed that the parties involved in that determination are identical to the parties involved here. The People established identity of the issue through a police witness who testified that the photo array in question at the Monroe County Court *Wade* hearing was the only photo array ever shown to the witness and was the same photo array challenged by defendant in Ontario County Court. We conclude that defendant had a full and fair opportunity to litigate the issue with respect to suppression of the

identification before Monroe County Court (*see generally People v Paccione*, 290 AD2d 567, 568).

Entered: March 16, 2012                           Frances E. Cafarell
                                                  Clerk of the Court