# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

513

KA 10-01978

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JEFFREY BAKER, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (MARSHALL A. KELLY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered January 19, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed shall all run concurrently and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that County Court erred in directing that the sentences imposed on counts two and three shall run concurrently with each other but consecutively to the sentence imposed on count one. We agree. Defendant was convicted of possessing three weapons, i.e., a rifle (count one) and two knives (counts two and three), on a specified date in Village Park in Warsaw with the intent to use those weapons unlawfully against two of his siblings. Because "defendant possessed [the weapons] at the same place and time, with the intent to use them unlawfully against the same victim[s,] . . . the offenses arose from the same act, [and thus] concurrent sentences should have been imposed" (*People v Cleveland*, 236 AD2d 802, *lv denied* 89 NY2d 1033; *see People v Williams*, 144 AD2d 1012, 1012, *lv denied* 73 NY2d 984; *see also People v Taylor*, 197 AD2d 858, 859). We therefore modify the judgment accordingly.

We reject defendant's contention that the court erred in failing to address the constitutionality of his 1997 conviction of driving while intoxicated, which conviction elevated the crimes with which he was charged from criminal possession of a weapon in the fourth degree

to criminal possession of a weapon in the third degree.  It is well settled that, where there are procedural vehicles for challenging the constitutionality of prior guilty pleas in the courts in which those guilty pleas were entered, a defendant's right to due process is not violated in a subsequent case by the lack of a procedural vehicle for challenging a prior conviction resulting from a guilty plea that serves as the basis for an enhanced charge or sentence (*see People v Knack*, 72 NY2d 825, 826-827).  Finally, we reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  April 27, 2012                     Frances E. Cafarell
                                             Clerk of the Court