People v Smith (2018 NY Slip Op 08695)





People v Smith


2018 NY Slip Op 08695


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2011-07058
 (Ind. No. 488/10)

[*1]The People of the State of New York, respondent,
v
John Smith, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Rebecca L. Visgaitis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered July 27, 2011, convicting him of criminal possession of a weapon in the third degree (four counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of marihuana in the fourth degree (two counts), upon a jury verdict, and sentencing him, inter alia, to indeterminate terms of imprisonment of 3½ to 7 years upon his convictions of criminal possession of a weapon in the third degree under counts 7, 8, and 9 of the indictment, to run consecutively to each other.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed upon the convictions of criminal possession of a weapon in the third degree under counts 7, 8, and 9 of the indictment shall run concurrently with each other; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the third degree (four counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of marihuana in the fourth degree under count 15 of the indictment. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The evidence demonstrated, beyond a reasonable doubt, that the defendant exercised a sufficient level of dominion and control over a safe containing guns and drugs, which was found hidden in a room that the defendant alone was renting and in which other drugs and ammunition were found, to support the jury's finding that the defendant constructively possessed the guns and drugs inside the safe (see People v Diaz, 24 NY3d 1187, 1189-1190; People v Grasso, 163 AD3d 991).
The defendant correctly contends that it was unlawful to impose consecutive sentences upon his convictions of criminal possession of a weapon in the third degree under counts 7, 8, and 9 of the indictment. Sentences imposed for two or more offenses may not run consecutively where, inter alia, "a single act constitutes two offenses" (People v McKnight, 16 NY3d 43, 47 [internal quotation marks omitted]; see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643). Conversely, consecutive sentences may be imposed when, inter alia, "the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (People v Ramirez, 89 NY2d 444, 451). "The Penal Law defines an act' as a bodily movement' (Penal Law § 15.00[1]), which [the Court of Appeals has] interpreted to mean the actus reus or wrongful deed that comprises the physical components of a crime and that generally must be coupled with mens rea to establish criminal liability'" (People v McKnight, 16 NY3d at 48, quoting People v Rosas, 8 NY3d 493, 496 n 2; see People v Laureano, 87 NY2d at 643).
Here, the defendant's convictions of criminal possession of a weapon in the third degree under counts 7, 8, and 9 of the indictment were based upon his act of constructively possessing three guns in a safe on December 2, 2009 (see Penal Law § 265.02[1]). Since these convictions were based upon the defendant's constructive possession of guns in the same location at the same time, and there was no proof of any separate act by the defendant which constituted possession of one of the guns, as opposed to either of the other two guns, the convictions were based upon the same act, and the sentencing court was required to impose concurrent sentences (see People v Garcia, 129 AD3d 524; People v Baker, 94 AD3d 1553; People v Mitchell, 77 AD3d 1376, 1378; People v Hunt, 52 AD3d 1312, 1313; People v Paccione, 290 AD2d 567; People v Salazar, 290 AD2d 256, 257; People v Rogers, 111 AD2d 665, 666; cf. People v Dean, 8 NY3d 929; People v Eddo, 55 AD3d 922). Contrary to the People's contention, the mere fact that the defendant possessed three guns does not prove three separate acts of possession, and, to the extent that our decisions in People v Horn (196 AD2d 886) and People v Negron (184 AD2d 532, 533) can be read to so hold, those cases should no longer be followed. In an analogous context, the Court of Appeals held, to the contrary, that a sentencing court was not authorized to impose consecutive sentences on a defendant's convictions of three counts of possessing a sexual performance by a child, despite the defendant's possession of separate images depicting child pornography, because the People failed to allege or adduce facts demonstrating separate acts of downloading the digital images (see People v Dean, 8 NY3d at 930-931). Similarly, possession of three guns without further proof of separate and distinct acts of possession cannot support consecutive sentences for three counts of criminal possession of a weapon in the third degree (see People v Garcia, 129 AD3d 524; People v Baker, 94 AD3d 1553; People v Mitchell, 77 AD3d at 1378; People v Hunt, 52 AD3d at 1313; People v Paccione, 290 AD2d 567; People v Salazar, 290 AD2d at 257; People v Rogers, 111 AD2d at 666).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, do not require reversal.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court