People v Bailey (2018 NY Slip Op 08674)





People v Bailey


2018 NY Slip Op 08674


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-02037

[*1]The People of the State of New York, respondent,
v Nicolus Bailey, appellant. (S.C.I. No. 1565/16)


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered January 4, 2017, convicting him of criminal possession of a weapon in the third degree (three counts), upon his plea of guilty, and sentencing him to consecutive indeterminate terms of imprisonment of 2½ to 5 years on each count.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
We agree with the defendant's contention that it was unlawful to impose consecutive sentences upon his convictions of three counts of criminal possession of a weapon in the third degree. Sentences imposed for two or more offenses may not run consecutively where, inter alia, "a single act constitutes two offenses" (People v McKnight, 16 NY3d 43, 47; see Penal Law 70.25[2]; People v Laureano, 87 NY2d 640, 643). Conversely, consecutive sentences may be imposed when, among other things, "the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (People v Ramirez, 89 NY2d 444, 451). The People bear the burden of establishing the legality of consecutive sentencing (People v Rodriguez, 25 NY3d 238, 244; People v Taveras, 12 NY3d 21, 25).
Here, no facts were alleged in the Superior Court Information or adduced at the defendant's plea allocution which establish three separate acts of possession (see generally People v Laureano, 87 NY2d at 644-645). Accordingly, there was no basis for imposing consecutive sentences for three counts of criminal possession of a weapon in the third degree (see People v Smith___AD3d___ [decided herewith]; People v Garcia, 129 AD3d 524; People v Baker, 94 AD3d 1553; People v Mitchell, 77 AD3d 1376, 1378; People v Hunt, 52 AD3d 1312, 1313; People v Paccione, 290 AD2d 567; People v Salazar, 290 AD2d 256, 257; People v Rogers, 111 AD2d 665, 666). We thus modify the sentences so as to run them concurrently (see People v Backus, 14 NY3d 876; People v Bethea, 56 AD3d 485).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court