The People of the State of New York, Respondent, 
against
Jose Torres, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered August 6, 2014, convicting him, upon his plea of guilty, of criminal contempt in the second degree, and imposing sentence.
Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered August 6, 2014, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal contempt in the second degree (see Penal Law § 215.50[3]). The instrument alleges that on July 7, 2014, defendant intentionally disobeyed a valid order of protection that directed him to "stay away" from Doris Aviles and her home, when he was observed "inside" 50 Avenue D while Aviles was "inside the residence" (see People v Salazar, 290 AD2d 256 [2002], lv denied 97 NY2d 760 [2002]). The complaint states the date, time and location of the offense, and also established that on April 3, 2014, defendant was present at the issuance of the five-year order of protection and signed it. Where, as here, the defendant has waived prosecution by information and therefore has assented to the more lenient reasonable cause standard (see People v Dumay, 23 NY3d 518, 522 [2014]; see also People v Thiam, 34 NY3d 1040, 1044, [2019, DiFiore, Ch. J., concurring]), these factual allegations are sufficient to particularize the crime charged and protect against a constitutional double jeopardy violation (see People v Kaplan, 125 AD3d 465 [2015], lv denied 25 NY3d 1203 [2015]; People v Ellison, 106 AD3d 419 [2013], lv denied 21 NY3d 1004 [2013]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 11, 2020